**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID McKAY et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>CHRISTIAN HAGESETH et al.,<br><br>   Defendants.<br>_____/ | No. C-06-1377 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>(Docket No. 59) |

   Before the Court is a motion filed September 29, 2006, by which defendants Benjamin Kreis ("Kreis") and Gregg Tuttle ("Tuttle") seek dismissal of the claims asserted against them for lack of personal jurisdiction and for failure to state a claim, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively, and defendant JRB Health Solutions LLC ("JRB") seeks dismissal of the claims asserted against it, pursuant to Rule 12(b)(6), for failure to state a claim. Plaintiffs have filed opposition to the motion; Kreis, Tuttle, and JRB have filed a reply. At the request of the Court, the parties, on December 1, 2006, filed simultaneous supplemental memoranda, and, on December 15, 2006, filed simultaneous supplemental replies. Having considered the papers filed in support of and in opposition to the motion, as well as the oral arguments of the parties at the November 3, 2006 hearing, the Court rules as follows.

1. To the extent defendants seek dismissal of the claims asserted against Kreis and Tuttle for lack of personal jurisdiction, the motion is hereby GRANTED,[1] for the following reasons:

Plaintiffs have failed to make a prima facie showing[2] that either Kreis or Tuttle has any contacts with California or that either such defendant committed a wrongful act outside California that was "expressly aimed" at California residents. See, e.g., Calder v. Jones, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually."); Bancroft & Masters, Inc. v. Augusta National Inc., 233 F.3d 1082, 1087 (9th Cir. 2000) (holding court may exercise personal jurisdiction over out-of-state defendant having no contacts with forum state if defendant "(1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state").

To the extent plaintiffs seek to base personal jurisdiction over Kreis and Tuttle on the acts of JRB, plaintiffs have failed to make a prima facie showing that any of JRB's contacts with California should be attributed to Kreis or Tuttle, because there is no showing that either Kreis or Tuttle took any action on behalf of JRB that created the requisite contacts between Kreiss or Tuttle and California. See, e.g., Sher v. Johnson, 911 F.2d 1357, 1365-66 (9th Cir. 1990) (finding district court in California had personal jurisdiction over out-of-state law firm but not over partner thereof, where partner lacked sufficient contacts with such forum state); see also Seagate Technology v. A.J. Kogyo Co., Ltd., 219 Cal. App. 3d 696, 703-04 (1990) (holding act taken by corporate officer "must in fact create contact between the officer and the forum state"; explaining "no personal contact would result from

---

[1] As a result of this ruling, the Court does not reach defendants' argument that the claims asserted against Kreis and Tuttle fail to state a claim.

[2] Where a motion to dismiss for lack of personal jurisdiction "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) (internal quotation and citation omitted).

doing nothing more than ratifying an act taken by the corporation or by another corporate officer"); cf. Davis v. Metro Productions, Inc., 885 F.2d 515, 522 (9th Cir. 1989) (holding out-of-state corporate officers subject to jurisdiction in Arizona where officers met with Arizona salesman in California and recruited him to sell tax shelters in Arizona on behalf of corporation).

      Lastly, plaintiffs have not even attempted to make a prima facie showing in support of their allegation that Kreis and Tuttle are alter egos of JRB. See, e.g., Flynt Distributing Co., Inc. v. Harvey, 734 F.2d 1389, 1393 (9th Cir. 1984) ("[W]here a corporation is the alter ego of the stockholders so as to justify disregard of the corporate entity[,] jurisdiction over the corporation will support jurisdiction over the stockholders.") (internal quotation and citation omitted; alterations in original).[3]

      2. To the extent JRB seeks dismissal for failure to state a claim, the motion is hereby DENIED, for the following reasons:

          a. Contrary to JRB's argument, there is no requirement that the facts supporting a negligence claim be pleaded with particularity. See Allied Signal, Inc. v. City of Phoenix, 182 F.3d 692, 696 (9th Cir. 1999) (holding negligence claim governed by Rule 8(a)(2)'s "notice pleading" requirements). Plaintiffs have adequately pleaded the elements of a negligence claim against JRB. See Century Surety Co. v. Crosby Insurance, Inc., 124 Cal. App. 4th 116, 127 (2004) (holding "[t]he following elements must be pleaded to state a cause of action for negligence: (1) a legal duty of care toward the plaintiff; (2) a breach of that duty; (3) legal causation; and (4) damages"); SAC ¶¶ 15, 42-43, 45 (alleging JRB had duty to use reasonable care with respect to foreseeable users of JRB's internet business,

---

[3] Although this Court previously noted that some jurisdictions recognize a theory of personal jurisdiction based on conspiracy, under which contacts between one defendant and the forum state made in furtherance of the conspiracy are attributed to all members of the conspiracy, see, e.g., Textor v. Board of Regents of Northern Illinois University, 711 F.2d 1387, 1392-93 (7th Cir. 1983), defendants correctly point out that California courts have rejected such theory. See In re Automobile Antitrust Cases I and II, 135 Cal. App. 4th 100, 110, 113 (2005) ("The jurisdictional facts shown must pertain to each separate nonresident defendant, even in a case alleging conspiracy."); Mansour v. Superior Court, 38 Cal. App. 4th 1750, 1760 (1995) ("California does not recognize conspiracy as a basis for acquiring personal jurisdiction over a party.").

3

1 recruited services of unethical doctors and pharmacists who would prescribe dangerous
2 drugs to patients without examining them, and decedent, as a result of obtaining dangerous
3 drugs pursuant to such prescription, suffered worsening depression that led to his suicide).

4       b. With respect to the aiding and abetting claim, the Court is unpersuaded by
5 JRB's argument that liability may be imposed only for aiding and abetting an intentional tort.
6 In discussing the elements of aiding and abetting liability, California courts have relied on
7 § 876 of the Restatement 2d of Torts, which expressly states that liability may exist for
8 aiding and abetting negligent acts. See, e.g., Saunders v. Superior Court, 27 Cal. App. 4th
9 832, 846 (1994) (citing Restatement 2d Torts § 876); see also Restatement 2nd Torts
10 § 876, Comment d and Illustration 6.

11       The Court likewise finds unpersuasive JRB's argument that plaintiffs have failed to
12 adequately plead the knowledge element of a claim for aiding and abetting. See Casey v.
13 U.S. Bank National Association, 127 Cal. App. 4th 1138, 1144 (2005) (holding aiding and
14 abetting liability exists if defendant "(a) knows the other's conduct constitutes a breach of
15 duty and gives substantial assistance or encouragement to the other to so act or (b) gives
16 substantial assistance to the other in accomplishing a tortious result and the person's own
17 conduct, separately considered, constitutes a breach of duty to the third person")
18 (emphasis added). Plaintiffs allege JRB recruited unethical doctors and pharmacists,
19 including Christian Hageseth ("Hageseth") and Frank Gruich, Jr. and Gruich Pharmacy
20 Shoppe (jointly, "Gruich"), and knew Hageseth's prescription for decedent was "unlawful
21 and invalid." See SAC ¶¶ 15, 44. Moreover, as plaintiffs point out, plaintiffs have
22 adequately pleaded the elements of the alternative predicate for aiding and abetting
23 liability, under which plaintiffs are not required to plead JRB's knowledge of a breach of
24 duty by Hageseth or Gruich. See Casey, 127 Cal. App. 4th at 1144. Plaintiffs adequately
25 allege JRB substantially assisted or encouraged Hageseth and Gruich's tortious conduct by
26 recruiting and paying them to participate in a scheme to distribute dangerous drugs to
27 patients without appropriate examination, (see SAC ¶ 15(d)-(e)), and, as discussed above,
28 plaintiffs also have adequately alleged that JRB, in doing so, breached a duty to plaintiffs.

4

    c. To the extent JRB seeks dismissal of any asserted cause of action for civil conspiracy, the motion is moot; plaintiffs state in their opposition that they are not asserting a separate cause of action for conspiracy.

    d. JRB's argument that the § 17200 claim is subject to dismissal, on the ground plaintiffs have failed to adequately allege a claim against JRB for aiding and abetting, fails; as set forth above, plaintiffs have stated a claim against JRB for aiding and abetting. See People v. Toomey, 157 Cal. App. 3d 1, 14 (1984) (holding § 17200 liability may be based on aiding and abetting unlawful business practices).

    e. With respect to plaintiffs' prayer for punitive damages, plaintiffs, contrary to JRB's argument, have adequately alleged JRB acted with malice. See Cal. Civ. Code § 3294(a) (providing punitive damages may be awarded where defendant acted with malice); SAC ¶ 15, 23 (alleging JRB's role in recruiting unethical doctors and pharmacists and further alleging defendants, including JRB, "acted with malice during the events that led up to and caused the death of John McKay, in that they engaged in despicable conduct that was carried out with a willful and conscious disregard for the welfare, health and safety of John McKay and others").

    f. With respect to plaintiffs' prayer for attorneys' fees, the motion is premature. JRB does not dispute that plaintiffs may be entitled to attorneys' fees, pursuant to § 1021.5 of the California Code of Civil Procedure, if plaintiffs prevail on the merits of any claim for which such relief is provided.

 This order terminates Docket No. 59.

 **IT IS SO ORDERED.**

Dated: April 6, 2007

                MAXINE M. CHESNEY
                United States District Judge