CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
111 West Ocean Boulevard, 14th Floor
Long Beach, California 90802-4646
Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785
MARK V. FRANZEN (State Bar No. 079470)
Mvfranzen@cktfmlaw.com
DMITRIY CHEREPINSKIY (State Bar No. 222311)
Dcherepinskiy@cktfmlaw.com

Attorneys for Defendants
**FRANK GRUICH, JR., and GRUICH PHARMACY SHOPPE**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID McKAY, SHEILA McKAY and THE ESTATE OF JOHN McKAY,<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTIAN HAGESETH, FRANK GRUICH, JR., GRUICH PHARMACY SHOPPE, JRB SOLUTIONS, INC., JRB HEALTH SOLUTIONS, LLC, BENJAMIN KREIS and GREG TUTTLE,<br><br>Defendants. | CASE NO. C-06-1377 MMC<br><br>HONORABLE MAXINE M. CHESNEY COURTROOM 7<br><br>TRIAL DATE: VACATED<br><br>**GRUICH DEFENDANTS' BILL OF COSTS**<br><br>[Filed concurrently with Affidavit of Dmitriy Cherepinskiy]<br><br>Judgment Entered: September 19, 2007 |

Defendants FRANK GRUICH, JR. and GRUICH PHARMACY SHOPPE (collectively referred to as "Gruich Defendants") hereby ask the Clerk to enter this bill of costs and award a taxation of costs as set forth herein.

This Bill of Costs is submitted pursuant to 28 U.S.C. § 1920, *Federal Rules of Civil Procedure*, Rule 54(d), and *Civil Local Rules*, Rule 54.

On September 7, 2007, the Court granted Gruich Defendants' Motion for Summary Judgment. *See*, Order, Docket No. 257. On September 19, 2007, the Court entered final judgment in favor of Gruich Defendants. See, Judgment, Docket No. 267. As the prevailing parties, the Gruich Defendants are now entitled to recover the costs which they incurred in defending themselves in this action.

## II. LEGAL STANDARD FOR TAXATION OF COSTS

The reimbursement of taxable expenses in federal court is governed by 28 U.S.C. § 1920, *Federal Rules of Civil Procedure*, Rule 54(d), and *Civil Local Rules*, Rule 54. 28 U.S.C. § 1920 states:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; . . .

28 U.S.C. § 1920 (1)-(4). Further, *Federal Rules of Civil Procedure*, Rule 54(d) states:

> (d) Costs; Attorneys' Fees.
> (1) Costs Other than Attorneys' Fees. Except when express provision therefor is made either in a statute of the United States or in these rules, <u>costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs</u>; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

FED. R. CIV. PROC. 54(d) (emphasis added).

"[T]he costs and expenses incurred by counsel are subject to a test of relevance and reasonableness in amount. The taxation of costs lies within the trial court's discretion. [citation] The judge must look at the practical and reasonable needs of the party in the context of the litigation." *In re Media Vision Technology Secs. Litig.*, 913 F. Supp. 1362 (N.D. Cal. 1995) (citing *Thornberry v. Delta Air Lines*, 676 F.2d 1240, 1245 (9th Cir. 1982), remanded on other grounds, 461 U.S. 952 (1983)). Generally, "[a]n award of out-of-pocket expenses should be limited to those expenses customarily billed to a fee-paying client."

In *Russian River Watershed Protection Comm. v. City of Santa Rosa*, 142 F.3d 1136 (9th Cir. 1998), the Ninth Circuit held that, "<u>Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party</u> which may only be overcome by pointing to some impropriety on the part of the prevailing party that would justify a denial of costs." *Russian River,* 142 F.3d at 1144 (emphasis added). Finally, it is well-settled that "[a] party in whose favor judgment is rendered is generally the prevailing party for purposes of Rule 54(d)." *D'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977).

## II. SPECIFIC COSTS REQUESTED BY GRUICH DEFENDANTS

As shown below, Gruich Defendants incurred and paid costs, which are allowed by the Ninth Circuit and California District Courts, pursuant to the authority conferred by 28 U.S.C. § 1920, *Federal Rules of Civil Procedure*, Rule 54(d), and *Civil Local Rules*, Rule 54. All of the these costs were actually and necessarily incurred and thus are taxable pursuant to Federal law. *See* Affidavit of Dmitriy Cherepinskiy, submitted pursuant to 28 U.S.C. § 1924 and *Civil Local Rules*, Rule 54-1(a).

### 1. FEES OF THE COURT REPORTER

Gruich Defendants seek costs associated with depositions taken in connection with this deposition. Local Rule 54-3 (c) explicitly permits recovery of the "cost of an original and one copy of any deposition (including video taped depositions) taken for any purpose in connection with case" and the "cost of reproducing exhibits to depositions . . . ." *Alflex Corp. v. Underwriters Lab.*, 914 F.2d 175, 177-178 (9th Cir. 1990) ("the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel . . . shall be allowed"). Accordingly, Gruich Defendants request that the Court tax deposition costs as follows:

**DEPOSITIONS**

| DATE | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| 08/07/2006 | Benjamin Kreis    (***Exh. "A"*** to Cherepinskiy Affidavit, at p. 001) | | $596.90 |
| 08/07/2006 | Gregg Tuttle | (*Id.*, at p. 002) | $282.50 |
| 08/07/2006 | Ronald Frederickson | (*Id.*, at p. 003) | $311.00 |
| 03/26/2007 | Sheila McKay   (Transcript) | (*Id.*, at p. 006) | $1,331.15 |
|  | (Video) | (*Id.*, at p. 007) | $982.50 |
| 03/27/2007 | David B. McKay, Ph.D.   (Transcript) | (*Id.*, at p. 008) | $1,375.95 |
|  | (Video) | (*Id.*, at p. 009) | $982.50 |
| 04/17/2007 | Christian Hageseth | (*Id.*, at p. 010) | $83.70 |
| 04/19/2007 | William David McKay | (*Id.*, at p. 011) | $170.25 |
| 04/24/2007 | Frank Gruich, Jr. and Ronald Frederick | (*Id.*, at p. 012) | $940.50 |
| 04/25/2007 | Frank Gruich III and Gino Agnelly | (*Id.*, at p. 013) | $544.00 |
|  | (Video) | (*Id.*, at p. 014) | $400.00 |

| | | | |
|---|---|---|---|
| 04/26/2007 | Susan Lizana and Mary Helen Vincent | (*Id.*, at p. 015) | $166.10 |
| 04/26/2007 | Michael P. Wright | (*Id.*, at p. 016) | $754.50 |
| 04/27/2007 | Ralph Castro, M.S. | (*Id.*, at p. 017) | $1,097.50 |
| | Thomas Ross Brugato | | |
| 05/08/2007 | Timothy Hogan | (*Id.*, at p. 018) | $1,628.90 |
| 05/09/2007 | Christopher Bentley | (*Id.*, at p. 019) | $378.50 |
| 06/06/2007 | Emmanuel Saltiel, Pharm.D. | (*Id.*, at p. 020) | $687.16 |
| 06/08/2007 | Charles L. Scott, M.D. | (*Id.*, at p. 021) | $2,626.06 |
| 06/12/2007 | Paul W. Lofholm | (*Id.*, at p. 022-023) | $3,209.65 |
| | Richard Abood | | |
| 06/13/2007 | Thomas Garrick, M.D. | (*Id.*, at p. 024) | $541.00 |
| | **TOTAL** | | **$19,090.32** |

Gruich Defendants also seek costs associated with two meet and confer sessions. 28 U.S.C. § 1920 (2) states that "(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" are recoverable. Thus, the recoverable court reporter fees are not limited to the depositions. Accordingly, Gruich Defendants request that the Court tax meet and confer transcript costs as follows:

| **TRANSCRIPT OF MEET AND CONFER SESSION** | | |
|---|---|---|
| **DATE** | **DESCRIPTION** | **AMOUNT** |
| 02/27/2007 | Meet and Confer Conference (pro-rated among all parties) (*Exh. "A"* to Cherepinskiy Affidavit, at pp. 004-005) | $188.33 |
| | **TOTAL** | **$188.33** |

**2. FEES FOR EXEMPLIFICATION AND COPIES**

Gruich Defendants also seek costs incurred for exemplifications and copies necessarily obtained for use in this case. In pertinent part, Local Rule 54-3 (d) explicitly permits recovery of the cost of reproducing the following:

///

4

>(2) The cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable....
>
>(4) The cost of reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided.
>
>(5) The cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial.

LOCAL RULE 54-3 (d) (2), (4), (5). Further, "[r]equests for reimbursement for photocopying charges are regularly reimbursed." *In re Media Vision Technology Secs. Litig.*, 913 F. Supp. 1362, 1367 (N.D. Cal. 1995) (emphasis added).  Gruich Defendants do not seek the cost of reproducing copies of motions, pleadings, notices, and other routine case papers.  Gruich Defendants seek costs appropriately recoverable pursuant to the authority set forth above.

**A.     Formal Disclosure and Discovery Documents**

Copying documents for production in discovery is necessary and recoverable. Local Rule 54-3; *see also Tirapelli v. Advanced Equities, Inc.*, 222 F. Supp. 2d 1081, 1085 (N.D. Ill. 2002) ("Copying documents for production in discovery is necessary and recoverable."). Indeed, all tasks necessary to producing documents in electronic discovery—including scanning, imaging of documents, and bates labeling—have been held recoverable. *BDT Prods., Inc. v. Lexmark Int'l., Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (affirming the taxing of electronic scanning and imaging costs); *Karsian v. Inter-Regional Fin. Group, Inc.*, 13 F. Supp. 2d 1085, 1093 (D. Colo. 1998) (taxing costs associated with binders, index tabs, bates-labeling, and other photocopy-related costs).

At different stages of this litigation, to meet their discovery obligations (in initial and supplemental disclosures, and in responses to written discovery), Gruich Defendants had to produce to Plaintiffs a total of approximately 11,000 prescriptions.  In order to produce the prescriptions, Gruich Defendants had to follow the following process: (1) copy original prescriptions on the one-by-one basis due to their non-standard size; (2) redact the copies; and (3) make copies to be produced to Plaintiffs. Gruich Defendants also made a copy of the DVD, which was produced to Plaintiffs.

Accordingly, Gruich Defendants request that the Court tax costs as follows:

///

**DISCLOSURE AND DISCOVERY DOCUMENTS**

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 06/13/2006 | "Glasswork" copies from original prescriptions (Dr. Hageseth) (***Exh. "B"*** to Cherepinskiy Affidavit, at p. 025) | $406.80 |
| 06/19/2006 | Copies of redacted prescriptions (in preparation for disclosure) (*Id.*, at p. 026) | $352.12 |
| 07/26/2006 | Copies of further redacted prescriptions (for disclosure) (*Id.*, at p. 027) | $294.61 |
| 03/01/2007 | "Glasswork" copies from orig. prescriptions (Drs. Morrow & Baron) (*Id.*, at p. 028) | $764.79 |
| 03/08/2007 | Copies of redacted prescriptions (for production) (*Id.*, at p. 029-030) | $402.88 |
| 03/26/2007 | "Glasswork" copies from orig. prescriptions (newly found prescr.) (*Id.*, at p. 031) | $245.73 |
| 04/18/2007 | Copies of redacted prescriptions (for supplemental disclosure) (*Id.*, at p. 032) | $114.10 |
| 05/11/2007 | Copy of DVD (for supplemental disclosure) (*Id.*, at p. 033) | $24.36 |
|  | **TOTAL** | **$2,605.39** |

### B. Materials Copied for Experts

It is well-settled that "in order to be reimbursed for photocopying costs, the expense must have been <u>necessary and incidental</u> to effective and competent representation." *In re Media Vision Technology Secs. Litig.*, 913 F. Supp. 1362, 1368 (N.D. Cal. 1995) (citing *Thornberry v. Delta Air Lines*, 676 F.2d 1240, 1244 (9th Cir. 1982), remanded on other grounds, 461 U.S. 952 (1983)).

In this matter, Gruich Defendants had to submit hundreds of pages of police reports, deposition transcripts, and other materials to experts. Gruich Defendants do not request to be reimbursed for absolutely all copies of materials submitted to experts. At the same time, Gruich Defendants are entitled to be reimbursed for the voluminous prescription records, which were necessarily copied for Gruich Defendants' following two experts: (1) expert pharmacist Emmanuel Saltiel, Pharm.D. and (2) rebuttal expert in the area of pharmacy laws and regulations – Benjamin Margolis, Pharm.D., J.D. In light of Plaintiffs' allegations regarding Gruich Defendants' "notice" as to "good faith examinations of patients," Dr. Saltiel and Dr. Margolis absolutely had to review the prescriptions filled by Gruich Defendants. Therefore, copying of the prescription materials for experts was "necessary and incidental" to Gruich's

6

1  effective and competent defense.

2  Accordingly, Gruich Defendants request that the Court tax costs as follows:

| **PHOTOCOPIES OF MATERIALS FOR EXPERTS** | | |
|---|---|---|
| **DATE** | **DESCRIPTION** | **AMOUNT** |
| 05/17/2007 | Copies of prescriptions from Drs. Hageseth, Morrow, and Baron (For review by expert Dr. Saltiel) (***Exh. "B"*** to Cherepinskiy Affidavit, at p. 034) | $642.33 |
| 05/25/2007 | Copies of prescriptions from Drs. Hageseth, Morrow, and Baron (For review by expert Mr. Margolis) (*Id.*, at p. 035) | $707.24 |
| | **TOTAL** | **$1,349.57** |

### C. Trial Exhibits

To meet its obligations under the Pretrial Order of the Court, Gruich had to prepare a set of exhibits in exhibit binders to be produced to Plaintiffs. The Court required that each party prepare copies of all proposed exhibits in three-ring binders with each exhibit tabbed.

Further, Gruich Defendants' exhibits produced to Plaintiffs included copies of a DVS. The Ninth Circuit has interpreted "exemplification and copies of papers" in §1920 to include all types of demonstrative evidence, including illustrative materials such as photographs and graphic aids. *See Maxwell v. Hapag-Lloyd Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir. 1988); *Little Oil Co. v. Atlantic Richfield Co.*, 852 F.2d 441, 448 (9th Cir. 1988).

Accordingly, Gruich Defendants request that the Court tax costs as follows:

| **TRIAL EXHIBITS** | | |
|---|---|---|
| **DATE** | **DESCRIPTION** | **AMOUNT** |
| 09/10/2007 | Gruich Defendants' Exhibits (***Exh. "B"*** to Cherepinskiy Affidavit, at p. 036) | $3,244.72 |
| | **TOTAL** | **$3,244.72** |

///
///
///
///

**3.   FEES FOR SERVICE OF PROCESS**

Local Rule 54-3 (a) (2) explicitly permits recovery of "[f]ees for service of process by someone other than the marshal acting pursuant to FRCivP 4(c), are allowable to the extent reasonably required and actually incurred." *See also In re Media Vision Technology Secs. Litig.*, 913 F. Supp. 1362, 1371 (N.D. Cal. 1995) (stating that reimbursement for service of process is allowed under Civil. L.R. 54-3(a)).

Here, the costs of service of process with the deposition subpoena was reasonably required and actually incurred with respect to the subpoenaed witnesses as set forth below. Accordingly, Gruich Defendants request that the Court tax costs as follows:

**SERVICE OF PROCESS FEES (DEPOSITION SUBPOENAS)**

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 04/10/2007 | Christopher Bentley (***Exh. "C"*** to Cherepinskiy Affidavit, at p. 037) | $150.00 |
| 04/11/2007 | Thomas Brugato (*Id.*, at p. 038) | $215.50 |
| 04/11/2007 | Ralph Castro (*Id.*, at p. 039) | $194.50 |
| 04/11/2007 | Mike Wright (*Id.*, at p. 040) | $323.00 |
| 04/11/2007 | Tim Hogan (*Id.*, at p. 041) | $266.00 |
| 04/10/2007 | William McKay (*Id.*, at p. 042) | $194.50 |
| | **TOTAL** | **$1,343.50** |

**4.   EXPERTS AND INVESTIGATOR**

"Since the Supreme Court indicated that Fed.R.Civ.P. 54 authorizes district courts to award costs not specifically enumerated in 28 U.S.C. §§ 1821, most jurisdictions have held that district courts have the discretion to reimburse consulting and expert witness fees." *In re Media Vision Technology Secs. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1995) (citing *Farmer v. Arabian American Oil Co.*, 379 U.S. 227 (1964); *Thornberry v. Delta Air Lines*, 676 F.2d 1240, 1244 (9th Cir. 1982), remanded on other grounds, 461 U.S. 952 (1983)). The *In re Media Vision* Court stressed that:

> In order for the district court to allow such expenses, the court must find that the expert testimony submitted was "<u>crucial or indispensable</u>" to the litigation at hand.

*In re Media Vision*, 913 F. Supp. at 1366 (emphasis added) (citing *United States v. City of Twin Falls, Idaho*, 806 F.2d 862, 864 (9th Cir. 1986); *Paschall v. Kansas City Star Co.*, 695 F.2d 322, 338 (8th

8

1 Cir.1982) reversed on other grounds 727 F.2d 692 (1984)).

2 Here, Gruich Defendants utilized the services of the following experts:

3 Expert in computer forensics, **David Gitkos** of Global Digital Forensices: The services of Mr. Gitkos were absolutely indispensable to Gruich Defendants. In the case of a suicide, the process of forensic psychiatric autopsy (to determine what it was that caused the suicide) demands that all documents written by Decedent and all his communications be examined for early signs and warnings of suicidal behavior. Mr. Gitkos analyzed the data on Decedent John McKay 2 computers (a desktop and a laptop). The data contained thousands of documents, including (1) *Word documents* - school reports, essays, debate papers and arguments, and other education-related materials and (2) America-on-line Instant Messaging *("AOL IM") chats* between Decedent John McKay and his friends. Decedent's computers contain approximately *800 folders* of IM chats with his friends. Each folder contains on average *25 to 100 chats*, which amounts to approximately 20,000 chats or approximately 100,000 pages (an entire room filled with boxes) if printed. The task of reviewing this information is simply impossible without the assistance of a computer expert.

Through the review of the chats and Mr. Gitkos' "system keyword" search, Gruich Defendants revealed IM nicknames of four of Decedent's best friends - Mike Wright, Thomas Brugato, Tim Hogan, and Christopher Bentley. Decedent's chats with those individuals revealed invaluable information regarding his personality, addictions, and overall psychiatric makeup. This led Gruich Defendants to search for, locate, subpoena, and take depositions of Mike Wright, Thomas Brugato, Tim Hogan, and Christopher Bentley. Gruich Defendants and their expert psychiatrist Dr. Garrick then relied on those depositions in their Motion for Summary Judgment. Therefore, the services of Mr. Gitkos have been absolutely crucial and indispensable in Gruich Defendants' defense of this matter.

Expert psychiatrist **Thomas Garrick, M.D.**: In this case, which involves the suicide of a very young individual, the services of an expert psychiatrist have been absolutely critical. In performing his forensic psychiatric autopsy, Dr. Garrick reviewed multiple records, including the police and toxicology reports, multiple depositions, Decedent's IM chats, and other necessary materials. In fact, Dr. Garrick's opinion that the subject Fluoxetine (dispensed by Gruich Defendants to Decedent) did not cause Decedent's suicide was one of the key pieces of evidence relied on by the Court in granting Gruich

9

Defendants' Motion for Summary Judgment. Without Dr. Garrick's expert services, Gruich Defendants would not have been able to defend this matter. Therefore, the services of Dr. Garrick have been absolutely crucial and indispensable in Gruich Defendants' defense of this matter.

Expert pharmacist ***Emmanuel Saltiel, Pharm.D.***: Frank Gruich, Jr. is a pharmacist. One of Plaintiffs' key claims against Mr. Gruich was – Professional Negligence. Faced with a professional negligence claim, Gruich Defendants had no choice but to retain an expert pharmacist to defend themselves from the standpoint of compliance with the standard of care. Dr. Saltiel had been deposed and, if this action proceeded to trial, Dr. Saltiel would have testified at trial on behalf of Gruich Defendants. Therefore, the services of expert pharmacist Dr. Saltiel have been absolutely crucial and indispensable in Gruich Defendants' defense of this matter.

Expert pharmacy law expert ***Benjamin Margolis, Pharm.D., J.D.***: On May 18, 2007, when Gruich Defendants and Plaintiffs disclosed their expert witnesses, Gruich Defendants were absolutely surprised to find out the following: in addition to their expert pharmacist Paul W. Lofholm, Plaintiffs designated a "pharmacy law" expert – Richard Abood. This was an unexpected turn of events for Gruich Defendants. Based on Federal law and the Court's pretrial orders allowing for designation of rebuttal experts, Gruich Defendants retained and designated their own pharmacy law expert – Benjamin Margolis, Pharm.D., J.D. Without the expert assistance of Mr. Margolis, Gruich Defendants would not have had a rebuttal expert against Plaintiffs' expert Dr. Abood. Therefore, the services of expert pharmacist Mr. Margolis have been absolutely crucial and indispensable in Gruich Defendants' defense of this matter.

Private investigator ***Thielen Investigations, Inc.***: Having revealed the names and IM nicknames of four of Decedent's best friends - Mike Wright, Thomas Brugato, Tim Hogan, and Christopher Bentley, Gruich Defendants faced the task of locating these individuals in order to subpoena them for deposition. A search through publicly available sources proved futile. Gruich Defendants retained the services of Thielen Investigations, Inc., which located Mike Wright, Thomas Brugato, Tim Hogan, and Christopher Bentley and enabled Gruich Defendants to take their depositions. The depositions of the above Decedent's friends were crucial to expert Dr. Garrick's psychiatric autopsy and evaluation of Decedent's suicide. The depositions revealed invaluable information regarding Decedent's personality,

addictions, overall psychiatric makeup, and his plan to commit suicide. Therefore, the services of expert investigator Thielen Investigations, Inc. have been absolutely crucial and indispensable in Gruich Defendants' defense of this matter.

The above costs are allowable by law, and should be taxed. *See In re Media Vision*, 913 F. Supp. at 1366-1367 (allowing costs of experts and investigator); *see also In re Immune Response Secs. Litig.*, 2007 U.S. Dist. LEXIS 40017, 30-31 (S.D. Cal. 2007) (allowing reimbursement for experts and consultants).

Accordingly, Gruich Defendants request that the Court tax costs as follows:

**EXPERTS AND INVESTIGATOR FEES**

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 05/03/2007 | Invoice for expert computer forensic services by David Gitkos of Global Digital Forensices (***Exh. "D"*** to Cherepinskiy Affidavit, at pp.043-044) | $11,382.08 |
| 12/29/2006 | Invoice for services of expert psychiatrist Thomas Garrick, M.D. (*Id.*, at p. 045) | $1,932.00 |
| 06/01/2007 | Invoice for services of Dr. Garrick (*Id.*, at p. 046) | $11,440.00 |
| 08/01/2007 | Invoice for services of Dr. Garrick (*Id.*, at p. 047) | $8,564.00 |
| 07/13/2007 | Invoice for services of expert pharmacist Emmanuel Saltiel, Pharm.D. (*Id.*, at p. 048) | $4,650.00 |
| 05/25/2007 | Retained for services of expert pharmacy law expert Benjamin Margolis, Pharm.D., J.D. (*Id.*, at p. 049) | $2,400.00 |
| 04/06/2007 | Invoice for services of private investigator Thielen Investigations, Inc. (*Id.*, at p. 050) | $2,975.00 |
| | **TOTAL** | **$43,343.08** |

**5. TRAVEL (FLIGHT) AND LODGING EXPENSES**

"The reimbursement for travel expenses, both under 28 U.S.C. §§ 1920 and Fed.R.Civ.P. 54(d), is within the broad discretion of the Court. . . . Travel reimbursements are generally allowed on a case by case approach, with each court making the decision on the basis of the circumstances and equities at hand." *In re Media Vision Technology Secs. Litig.*, 913 F. Supp. 1362, 1369 (N.D. Cal. 1995). The *In re Media* Court stressed:

11

> Although not much case law is available from the Ninth Circuit, California courts seem inclined to allow travel expenses, as long as they are "<u>reasonable and necessary</u>".

*Id.* (emphasis added) (citing *Thornberry v. Delta Air Lines*, 676 F.2d 1240, 1244 (9th Cir. 1982), remanded on other grounds, 461 U.S. 952 (1983)).

Here, when traveling for multiple depositions and Court appearances, Gruich Defendants incurred costs for meals, travel agent fees, as well as for transportation to and from airports and hotels (taxi cabs, subway, and rental cars). However, for the sake of reasonableness and good faith, Gruich Defendants do not seek to be reimbursed for the costs of meals and local transportation (exceeding $1,000). However, based on the authority set forth above, Gruich Defendants are entitled to recover the costs of <u>flights and lodging</u>, which were incurred while traveling to the necessary depositions and court appearances in this matter.

Specifically, it was mandatory for Gruich Defendants to make appearances at the 05/25/06 Status Conference, 02/21/07 Motion to Compel Hearing, and 06/29/07 Further Status Conference. The 06/24/06 Initial personal meeting with client Frank Gruich, Jr. in Biloxi, MS was absolutely critical for Gruich Defendants' counsel because an attorney cannot represent a client without ever meeting the client, talking to the client, and hearing the facts from the client. Frank Gruich, Jr., a Mississippi pharmacist, was sued in California; therefore, his California counsel was clearly justified in traveling to Mississippi to meet him. This case was referred for private mediation, and Gruich Defendants had to participate in the Mediation and incur the cost of traveling to San Francisco for Mediation. Finally, all the depositions in this case were necessary, including the following: (1) the depositions of Plaintiffs in San Francisco; (2) the depositions of Frank Gruich, Jr. and his staff in Biloxi, Mississippi, (3) the depositions of Decedent's friends in Minnesota, Wisconsin, and San Francisco, (4) the deposition of Mr. Castro at Stanford, and (5) the depositions of Plaintiffs' experts in San Francisco.

Since counsel for Gruich Defendants is based in Los Angeles, the counsel had to incur necessary travel expenses during the course of this litigation, and the counsel is now entitled to be reimbursed for those travel expenses. When California Plaintiffs filed this Diversity action against a Mississippi pharmacist, Texas-based internet pharmacy, and a Colorado physician, Plaintiffs assumed the risk that the counsel for Gruich Defendants may not be based in San Francisco. Plaintiffs must reimburse Gruich.

**FLIGHT AND LODGING EXPENSES**

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 05/26/2006 | Status Conference (round-trip flight from Los Angeles to San Francisco)    (***Exh. "E"*** to Cherepinskiy Affidavit, at p. 051) | $488.60 |
| 06/24/2006 | Initial personal meeting with client Frank Gruich, Jr. in Biloxi, MS  (round-trip flight from Los Angeles to Gulfport, MS through Atlanta, GA)                                    (*Id.*, at p. 052) | $1,639.20 |
| 08/07/2006 | Depositions of Benjamin Kreis, Gregg Tuttle, and Ronald Frederickson in Las Vegas, NV  (round-trip flight from Los Angeles to Las Vegas, NV)                       (*Id.*, at p. 053) | $278.60 |
| 02/21/2007 | Hearing on Plaintiffs' Motion to Compel Gruich Defendant to Provide Further Responses to Written Discovery (round-trip flight from Los Angeles to San Francisco)          (*Id.*, at p. 054) | $268.80 |
| 03/26/2007 - 03/27/2007 | Depositions of Plaintiffs Sheila McKay and David McKay, Ph.D. in San Francisco<br>– Round-trip flight from Los Angeles to San Francisco, flight changed from 03/14/2007)                          (*Id.*, at p. 055) | $268.80 |
| | – Lodging at Hyatt Hotel (one night)            (*Id.*, at p. 056) | $289.28 |
| 04/23/2007 - 04/26/2007 | Depositions of Frank Gruich, Jr., Ronald Frederickson, Frank Gruich, III, Gino Agnelly, Susan Lizana, and Mary-Helen Vincent in Biloxi, MS | |
| | – Flight from Santa Ana, CA to Gulfport, MS through Houston, TX                                        (*Id.*, at p. 057) | $680.59 |
| | – Lodging at Beau Rivage Hotel in Biloxi, MS (three nights)  (*Id.*, at p. 059) | $610.96 |
| | – Flight from Gulfport to Santa Ana via Houston   (*Id.*, at p. 057) | $380.01 |
| 04/26/2007 - 04/27/2007 | Depositions of Michael Wright, Ralph Castro, M.S., and Thomas Brugato in San Francisco and Stanford<br>– Round-trip flight from Los Angeles to San Francisco   (*Id.*, at p. 057) | $311.80 |
| | – Lodging at Courtyard Mariott Hotel (Los Altos)   (*Id.*, at p. 058) | $234.99 |
| 05/07/2007 - 05/09/2007 | Depositions of Tim Hogan (in St. Paul, MS) and Christopher Bentley (Madison, WI)<br>– Flight from Los Angeles to Twin Cities, MN and next day flight from Twin Cities, MN to Madison, WI (two flights) (*Id.*, at p. 060) | $1,059.80 |
| | – Lodging at Hilton Hotel in Minneapolis, MN     (*Id.*, at p. 061) | $219.80 |
| | – Lodging at Crowne Plaza Hotel in Madison, WI   (*Id.*, at p. 062) | $186.73 |
| | – Flight from Madison, WI to Los Angeles through Chicago, IL (*Id.*, at p. 060) | $437.80 |

| | | |
|---|---|---|
| 06/08/2007 | Deposition of Charles L. Scott, M.D. in San Francisco (round-trip flight from Los Angeles to San Francisco) (*Id.*, at p. 063) | $302.80 |
| 06/12/2007 - 06/14/2007 | Depositions of Paul W. Lofholm and Richard Abood, and Mediation before Jerry Spolter, Esq. in San Francisco<br>− Round-trip flight from Los Angeles to San Francisco<br>(*Id.*, at p. 064) | $302.79 |
| | − Lodging in San Francisco at Serrano Hotel -- a Kimpton Hotel (hotel paid through the travel agent) (two nights) (*Id.*, at p. 063) | $534.41 |
| 06/29/2007 | Further Status Conference (round-trip flight from Los Angeles to San Francisco) (*Id.*, at p. 064) | $302.80 |
| | **TOTAL** | **$8,798.56** |

The above costs are reasonable, allowable by law, and should be taxed. *See In re Media Vision*, 913 F. Supp. at 1369; *see also In re Immune Response Secs. Litig.*, 2007 U.S. Dist. LEXIS 40017, 30-31 (S.D. Cal. 2007) (allowing reimbursement for travel expenses).

**6.  TELEPHONE EXPENSES**

It is well-settled that "[r]easonable out-of-pocket expenses, such as <u>telephone</u> costs, incurred by the attorney, which are normally charged to the fee-paying client, in the course of providing legal services, are recoverable." *In re Media Vision Technology Secs. Litig.*, 913 F. Supp. 1362, 1368-69 (N.D. Cal. 1995) (emphasis added); *see also In re Immune Response Secs. Litig.*, 2007 U.S. Dist. LEXIS 40017, 30-31 (S.D. Cal. 2007) (allowing reimbursement for telephone expenses). Accordingly, Gruich Defendants request that the Court tax costs as follows:

| **TELEPHONE EXPENSES** | | |
|---|---|---|
| **DATE** | **DESCRIPTION** | **AMOUNT** |
| 04/16/2007 | Telephone Conference / Hearing with the Court regarding Gruich Defendants' Motion to Continue Trial and Associated Dates (***Exh. "F"*** to Cherepinskiy Affidavit, at pp.065 – 067) | $73.00 |
| | **TOTAL** | **$73.00** |

**7.  COMPUTERIZED LEGAL RESEARCH**

In *In re Media Vision*, the Court granted the request for computerized legal expenses in full and stressed that "Lexis is an essential tool of a modern efficient office. As such, it saves lawyers' time by increasing the efficacy of legal research......" *In re Media Vision Technology Secs. Litig.*, 913 F. Supp. 1362, 1371 (N.D. Cal. 1995) (quoting *Robinson v. Ariyoshi*, 703 F. Supp. 1412, 1436 (D.Haw. 1989),

14

reversed on other grounds, 933 F.2d 781 (9th Cir. 1991)); *see also In re Immune Response Secs. Litig.*, 2007 U.S. Dist. LEXIS 40017, 30-31 (S.D. Cal. 2007) (allowing reimbursement for computerized legal research expenses). Accordingly, Gruich Defendants request that the Court tax costs as follows:

| COMPUTERIZED LEGAL RESEARCH | | |
|---|---|---|
| DATE | DESCRIPTION | AMOUNT |
| 06/30/2006 | Lexis Legal Research (*Exh. "G"* to Cherepinskiy Affidavit, at p.068) | $204.72 |
| 04/30/2006 | Lexis Legal Research (*Id.*, at p. 068) | $107.50 |
| 05/31/2006 | Lexis Legal Research (*Id.*, at p. 068) | $4.34 |
| 03/31/2006 | Lexis Legal Research (*Id.*, at p. 069) | $163.52 |
| 07/31/2006 | Lexis Legal Research (*Id.*, at p. 069) | $63.72 |
| | **TOTAL** | **$543.80** |

**8.    MEDIATION**

In *In re Immune Response Secs. Litig.*, 2007 U.S. Dist. LEXIS 40017 (S.D. Cal. 2007), the Court found that the mediation expenses were both "reasonable and necessary", and allowed reimbursement for the mediation expenses Id. at 31-32. The Mediation cost set forth below is reasonable, allowed, and should be taxed. In addition, this case was referred for private mediation, and Gruich Defendants had to participate in the Mediation and incur the cost.

| MEDIATION COST | | |
|---|---|---|
| DATE | DESCRIPTION | AMOUNT |
| 06/14/2007 | Mediation with Jerry Spolter, Esq. of JAMS (*Exh. "H"* to Cherepinskiy Affidavit, at p.070) | $2,608.33 |
| | **TOTAL** | **$2,608.33** |

**III.    SUMMARY OF COSTS REQUESTED BY GRUICH DEFENDANTS**

1. Fees of the Court Reporter

    Depositions                                                         $19,090.32

    Transcript of Meet and Confer Session      $188.33

2. Fees for Exemplification and Copies

    A. Disclosure and Discovery Documents      $2,605.39

|   |                                          |              |
|---|------------------------------------------|--------------|
| 1 | B. Materials Copied for Experts          | $1,349.57    |
| 2 | C. Trial Exhibits                        | $3,244.72    |
| 3 | 3. Fees for Service of Process           | $1,343.50    |
| 4 | 4. Expert and Investigator Fees          | $43,343.08   |
| 5 | 5. Travel (Flight) and Lodging Expenses  | $8,798.56    |
| 6 | 6. Telephone Expenses                    | $73.00       |
| 7 | 7. Computerized Legal Research           | $543.80      |
| 8 | 8. Mediation Cost                        | $2,608.33    |
|   | **TOTAL**                                | **$83,188.60** |

**IV.   CONCLUSION**

Based on the foregoing, Defendants Frank Gruich, Jr. and Gruich Pharmacy Shoppe respectfully request that the Clerk tax costs as enumerated above and award $83,188.60 to Defendants Frank Gruich, Jr. and Gruich Pharmacy Shoppe. As indicated in Affidavit of Dmitriy Cherepinskiy, submitted pursuant to 28 U.S.C. § 1924 and *Civil Local Rules*, Rule 54-1(a), the costs set forth above are correctly stated, were necessarily incurred, and are allowable by law.

DATED: September 21, 2007          CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

By: /s/ Dmitriy Cherepinskiy
    MARK V. FRANZEN
    DMITRIY CHEREPINSKIY
    Attorneys for Defendants
    FRANK GRUICH, JR., and
    GRUICH PHARMACY SHOPPE