LAW OFFICES OF
**WALKUP, MELODIA, KELLY, WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
(415) 981-7210

MATTHEW D. DAVIS (State Bar #141986)
MDAVIS@WALKUPLAWOFFICE.COM
MELINDA DERISH (State Bar #228549)
MDERISH@WALKUPLAWOFFICE.COM
**ATTORNEYS FOR PLAINTIFFS**
DAVID McKAY, SHEILA McKAY and THE ESTATE OF JOHN McKAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID McKAY, SHEILA McKAY and THE ESTATE OF JOHN McKAY,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTIAN HAGESETH, FRANK GRUICH, JR., GRUICH PHARMACY SHOPPE, JRB SOLUTIONS, INC., JRB HEALTH SOLUTIONS, LLC, BENJAMIN KREIS and GREG TUTTLE,<br><br>Defendants. | Case No. C 06 1377 MMC<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT GRUICH'S BILL OF COSTS**<br><br>Based on the application of the Local Rules and relevant statutory and case law, plaintiff's objections to defendant Gruich's bill of costs are sustained. Costs are hereby taxed in the amount of $27,633.50.<br>Dated: 1/28/08<br>Clerk: /s/ Cora Klein |

**I.     INTRODUCTION**

Defendant Gruich's Bill of Costs exceeds the maximum taxable costs by more than 200 percent, or $55,555.10.  Plaintiffs register these objections to bring defendant's Bill of Costs into compliance with Local Rule 54-3, as well as controlling statutory and case law.

Pursuant to L.R. 54-2(b), plaintiffs have met and conferred with counsel for defendant regarding defendant's Bill of Costs before filing these objections.  (Declaration of Matthew D. Davis)

---

PLAINTIFF'S OBJECTIONS TO DEFENDANT GRUICH'S BILL OF COSTS - CASE NO.  C 06 1377 MMC

## II. ARGUMENT

### A. Legal Standards for Taxing Costs

The costs that are taxable are strictly limited to the list in 28 U.S.C. § 1920, and the authority to tax costs, per Federal Rule of Civil Procedure 54(d), does not extend beyond the § 1920 list. *Crawford Fitting Co. v. International Woodworkers of America*, 482 U.S. 437, 441-42 (1987). In *Crawford*, the Court explained that,

> [Section] 1920 defines the term "costs" as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.

Thus, § 1920 is a rigid ceiling on those costs that can be taxed:

> Any argument that a federal court is empowered to exceed the limitations explicitly set out in §§ 1920 and 1821 without plain evidence of congressional intent to supersede those sections ignores our longstanding practice of construing statutes *in pari material*.

*Crawford*, 482 U.S. at 445.

While plaintiffs are aware of the need to be succinct, L.R. 54-2(a), repetition of § 1920 is necessary because defendant Gruich omits sub-sections (5) and (6) of § 1920. In full, the taxable costs from § 1920 are:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Starting from these six permissible taxable costs, various local rules (*see, e.g.,* L.R. 54-3) and decisional law set forth more specific limitations on taxation of costs. These limitations are considered in the following section.

### B. Specific Objections to Defendant's Bill of Costs

#### 1. Expert Witnesses and Investigator

"*Per diem*, subsistence and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821. *No other witness expenses, including fees for expert witnesses, are allowed.*" L.R. 54-3(e) (emphasis added). Further, "a federal court

LAW OFFICES OF
**WALKUP, MELODIA, KELLY WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

may tax expert witness fees in excess of the…limit set out in § 1821(b) only when the witness is court-appointed." *Crawford*, 482 U.S. at 442. In turn, 28 U.S.C. § 1821 allows "an attendance fee of $40 per day for each day's attendance." $40, then, is the maximum amount any witness—except one appointed by the court—can be paid for each day of testimony provided.

Defendant Gruich omits L.R. 54-3(e), even though it is directly on point and despite Gruich's other reliance on the Local Rules. *See* Def.'s Bill of Costs at 2, 3, 4, 5, 8, 16. Instead, defendant relies on the "necessary and incidental" test from *In re Media Vision Technology Securities Litigation*, 913 F.Supp. 1362, 1365 (N.D.Cal. 1995). The *In re Media Vision* court, in turn, got the "necessary and incidental" test from *United States v. City of Twin Falls, Idaho*, 806 F.2d 862, 866 (9th Cir. 1986). *City of Twin Falls*, however, has been "effectively overruled" by *Crawford*. *Association of Flight Attendants v. Horizon Air Indus.*, 976 F.2d 541, 552 (9th Cir. 1992). Noting that *City of Twin Falls* was no longer good law, the *Horizon Air Industries* court set forth the proper rule:

> [t]he district court's award of expert witness fees of $8,512.81, however, was in excess of the forty-dollar-per-day limit provided in 28 U.S.C. § 1821(b).

In the instant case, none of defendant Gruich's experts were court-appointed; thus, per § 1821(b), each of them is properly entitled to $40 per day of testimony each offered at Gruich's expense. Because defendants did not depose any of the witnesses or investigators listed in its Bill of Costs (plaintiff did), defendant did not incur even the $40 per day in costs that § 1821(b) makes taxable.

Additionally, not only were David Gitkos and Thielen Investigations, Inc., not court-appointed, they were not even witnesses in this action. Because there is not specific authorization for investigators in 28 U.S.C. § 1920, the costs of investigation are not taxable. Thus, the revised schedule of witness costs is in the following table.

| Witness | Per Bill of Costs | Deposed by Gruich? | Proper Amount |
|---|---|---|---|
| David Gitkos | $11,382.08 | No | $0.00 |
| Thomas Garrick | $21,936.00 | No | $0.00 |
| Emmanual Saltiel | $4,650.00 | No | $0.00 |
| Benjamin Margolis | $2,400.00 | No | $0.00 |
| Thielen Invest. | $2,975.00 | No | $0.00 |
| **TOTALS:** | **$43,343.08** | N/A | **$0.00** |

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3
PLAINTIFF'S OBJECTIONS TO DEFENDANT GRUICH'S BILL OF COSTS - CASE NO. C 06 1377 MMC

### 2. Travel Expenses

The Local Rules do not permit travel expenses for depositions: "[t]he expenses of counsel for attending depositions are not allowable." L.R. 54-3(c)(2). Defendant omits any mention of this Local Rule.[1] Additionally, defendant cites no authority for the proposition that travel expenses to visit a client or to make a court appearance are taxable. Without explicit authority in § 1920, such costs are not taxable.

The revised schedule of travel expenses is as follows.

| Travel | Per Bill of Costs | Proper Amount |
|---|---:|---:|
| Status Conference, 5/26/06 | $488.60 | $0.00 |
| Client Meeting, 6/24/06 | $1,639.20 | $0.00 |
| Depositions, 8/7/06 | $278.60 | $0.00 |
| Hearing, 2/21/07 | $268.60 | $0.00 |
| Depositions, 3/26/07-3/27/07 | $558.08 | $0.00 |
| Depositions, 4/23/07-4/27/07 | $1,671.56 | $0.00 |
| Depositions, 4/26/07-4/27/07 | $546.79 | $0.00 |
| Depositions, 5/7/07-5/9/07 | $1,904.13 | $0.00 |
| Deposition, 6/8/07 | $302.80 | $0.00 |
| Depositions, 6/12/07-6/14/07 | $837.10 | $0.00 |
| Status Conference, 6/29/07 | $302.80 | $0.00 |
| **TOTALS:** | **$8,798.56** | **$0.00** |

---

[1] Gruich instead opts to rely on *In re Media Vision*'s luke warm taxation of travel costs. Defendant does not point out that *In re Media Vision* also states, "[a] common response by the courts has been to flatly deny…such expense categories as travel, meals, hotel accommodations, and transportation as part of the attorney's overhead expense." *In re Media Vision*, 913 F.Supp. at 1369. Additionally, *In re Media Vision* relied on civil rights cases, one § 1988 and the other Title VII, for the proposition that travel costs are sometimes permissible. *Id*. at 1369 (citing *Loewen v. Turnipseed*, 505 F.Supp. 512 (D.C.Miss. 1980) and *Thornberry v. Delta Air Lines*, 676 F.2d 1240 (9th Cir. 1982) (also including a contractual right to recover fees and costs). These cases are inapplicable because fee and cost rules are different where permitted by other statutes, including § 1988 and Title VII. *See Crawford*, 482 U.S. at 445 ("absent explicit statutory or contractual authorization for the taxation of expenses of a litigant's witnesses as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920").

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4
PLAINTIFF'S OBJECTIONS TO DEFENDANT GRUICH'S BILL OF COSTS - CASE NO. C 06 1377 MMC

### 3. Mediator Fees

Mediator fees are not taxable. *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (per curiam) ("We find that the district court abused its discretion in taxing the mediator's fee against defendants."); *Mota v. University of Texas Houston Health Science Ctr.*, 261 F.3d 512, 530 (5th Cir. 2001) ("the court also erred in taxing the University with the costs of mediation"). Additionally, they are not explicitly included in § 1920.

Defendant Gruich, contrary to this clear authority from Courts of Appeals, cites a common-fund case from the District Court for the Southern District of California. *See* Def.'s Bill of Costs at 15 (citing *In re Immune Response Secs. Litig.*, 497 F.Supp.2d 1166). This case is inapplicable because the cost taxation rules are different in common-fund cases. As this district has explained, with regard to *In re Media Vision*, *supra*,

> To the extent that [defendant] cites *In re Media Vision* [], in an attempt to expand the scope of recoverable costs, the court finds that the standard applied in *that case is irrelevant here because the common fund doctrine governed that costs motion. Marbled Murrelet v. Babbitt*, 1999 WL 193387, *6 (N.D.Cal. 1999) (emphasis added).

The revised schedule for mediator fees is as follows.

| Mediation Fees | Per Bill of Costs | Proper Amount |
|---|---|---|
| Jerry Spolter, JAMS 6/14/07 | $2,608.33 | $0.00 |
| **TOTALS:** | **$2,608.33** | **$0.00** |

### 4. Other Expenses

Section 1920 does not include taxation for computerized legal research, communication expenses, or transcript fees from a Meet and Confer Session. Other, additional authority also indicates that these costs may not be taxed.

In the 9th Circuit, computerized legal research is treated as a component of attorneys' fees, and may be recovered where attorneys' fees are recoverable: "reasonable charges for computerized research may be recovered as 'attorney's fees' under [29 U.S.C.] § 1132(g)(2)(D) if separate billing for such expenses is 'the prevailing practice in the local community.'" *Trustees of Const. Industry & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1259 (9th Cir. 2006). Because they may be recovered as attorneys' fees, it follows that they are not part of

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5
PLAINTIFF'S OBJECTIONS TO DEFENDANT GRUICH'S BILL OF COSTS - CASE NO. C 06 1377 MMC

the costs born by attorneys in litigation, and are thus not taxable.[2]

Charges for telephone calls are not taxable: "the overwhelming weight of authority have declined to award costs for courier services, postage, telephone or fax charges." *El-Fadl v. Central Bank of Jordan*, 163 F.R.D. 389, 390 (D.D.C. 1995) (string-citing ten cases on that point). Moreover, recovery for communication costs is not provided for in § 1920.[3]

Finally, transcript costs for appeal and for a "statement by a Judge from the bench" are taxable. L.R. 54-3(b)(1)-(2). "The costs of other transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel." *Id*. at 54-3(b)(3). Thus, defendant Gruich's transcript costs associated with the Meet and Confer Session are not taxable.

A revised schedule for these costs is as follows.

| Item | Per Bill of Costs | Proper Amount |
|---|---:|---:|
| Computerized Research | $543.80 | $0.00 |
| Telephone Expenses | $73.00 | $0.00 |
| Transcript of Meet and Confer Session | $188.33 | $0.00 |
| **TOTALS:** | **$805.13** | **$0.00** |

## III. REVISED TOTAL BILL OF COSTS

After revision pursuant to the Local Rules and governing statutory and decisional law, the following is the revised Bill of Costs.

| Item | Per Bill of Costs | Proper Amount |
|---|---:|---:|
| 1. Fees of Court Reporter | | |
|     Depositions | $19,090.32 | $19,090.32 |
|     Transcript of Meet and Confer | $188.33 | $0.00 |
| 2. Fees for Exemplification and Copies | | |
|     Disclosure/Discovery | $2,605.39 | $2,605.39 |
|     Materials for Experts | $1,349.57 | $1,349.57 |
|     Trial Exhibits | $3,244.72 | $3,244.72 |
| 3. Fees for Service of Process | $1,343.50 | $1,343.50 |
| 4. Expert and Investigator Fees | $43,343.08 | $0.00 |
| 5. Travel and Lodging Expenses | $8,798.56 | $0.00 |
| 6. Telephone Expenses | $73.00 | $0.00 |
| 7. Computerized Legal Research | $543.80 | $0.00 |

---

[2] In response, defendant against cites *In re Media Vision*; that case, as noted above, is inapplicable because it is a common fund case.

[3] Again, defendant relies on the inapplicable common-fund cases *In re Media Vision* and *In re Immune Response*.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6

PLAINTIFF'S OBJECTIONS TO DEFENDANT GRUICH'S BILL OF COSTS - CASE NO. C 06 1377 MMC

| 8. Mediation Cost | $2,608.33 | $0.00 |
| --- | --- | --- |
| **TOTALS:** | **$83,188.60** | **$27,633.50** |

Based on the above application of the Local Rules and relevant statutory and case law, plaintiffs respectfully request that defendant Gruich's Bill of Costs be reduced from $83,188.60 to its appropriate amount of $27,633.50.

Dated: September 28, 2007         W<span>ALKUP</span>, M<span>ELODIA</span>, K<span>ELLY</span>,
                                   W<span>ECHT</span> & S<span>CHOENBERGER</span>


                                  /S/
                                  MATTHEW D. DAVIS
                                  MELINDA T. DERISH
                                  Attorneys for Plaintiffs

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7
PLAINTIFF'S OBJECTIONS TO DEFENDANT GRUICH'S BILL OF COSTS - CASE NO. C 06 1377 MMC